UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:06CV-114-R

CODY HEER                                                                                            PLAINTIFF

v.

ROBERT PRICE                                                                                      DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or Venue (Docket #15). Plaintiff has filed a response (Docket #17). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Dismiss is DENIED.

**BACKGROUND**

In December 2004, Plaintiff Cody Heer purchased a 20.599% membership interest in Royal Carolina Producers, LLC for the purchase price of $27,500.[1] Heer's purchase of this membership interest was reduced to writing in a Membership Acquisition Agreement.

Royal Carolina is a North Carolina limited liability company. It was organized on April 25, 2001, and is currently in good standing with the North Carolina Secretary of State. Royal Carolina was organized in Kentucky as a foreign limited liability company on December 10, 2001; however, its certificate of authority was revoked on November 1, 2002. Royal Carolina was again organized in Kentucky as a foreign limited liability company on December 7, 2004. Its certificate of authority was again revoked on November 1, 2005. Robert Price was listed as the manager of Royal Carolina

---

[1] Heer is a resident of Sevierville, Tennessee.

by the Kentucky Secretary of State.[2] He was also specified as the manager of Royal Carolina in the membership agreement he executed with Heer.

Pursuant to the Membership Acquisition Agreement, the sole asset of Royal Carolina was an oil and gas lease located in Metcalfe County, Kentucky. The lease was dated June 1, 2004, and was between Royal Carolina and Dora D. Rowe, Deana Rowe, and others. On January 18, 2006, the Rowes contacted Price and attempted to terminate the Oil and Gas Lease held by Royal Carolina. Price did not attempt to defend the lease of Royal Carolina, but instead allowed the Rowes to terminate the lease. Prior to the termination of the Rowe lease, Louie Froggett, Judy Froggett, Michael Frogget, and Debbie Froggett purchased the real estate which was subject to the oil and gas lease held by Royal Carolina.

On February 13, 2006, the Froggetts signed an oil and gas lease granting Tarcat, Inc., by its agent Robert Price, all oil and gas related to the property previously covered by the Rowe oil and gas lease. Tarcat is a Kentucky for-profit corporation organized on March 11, 2005, and incorporated solely by Price.

Heer brought the instant action alleging that Price fraudulently obtained his investment and that Price had breached his fiduciary duty to Heer by not defending the lease held by Royal Carolina. The jurisdiction of this Court was invoked under the provisions of 28 U.S.C. § 1332. On February 15, 2007, Price filed a brief challenging the appropriateness of venue and the jurisdiction of this Court.

---

[2] Price is a resident of Claremont, North Carolina.

**STANDARD**

Heer asserts that this Court lacks subject matter jurisdiction over this action. Where a defendant challenges subject matter jurisdiction under FED. R. CIV. P. 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *United States ex rel. McKenzie v. BellSouth Telecomms., Inc.*, 123 F.3d 935, 938 (6th Cir. 1997). The motion to dismiss is properly granted only if it appears that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* "All factual allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff." *Id.*

Heer also asserts that venue is inappropriate in this Court. Title 28 U.S.C. §1391(a) states in relevant part:

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

In particular, in looking at §1391(a)(2) after the 1990 amendments, the Sixth Circuit Court of Appeals, in determining whether or not a venue is proper, asks "whether the district the plaintiff chose had a substantial connection to the claim, [and] whether or not other forums had greater contacts." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). The Court in *Bramlet* went on to "hold that in diversity of citizenship cases the plaintiff may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim." *Id.* at 263-64.

**DISCUSSION**

## I.     APPLICABLE LAW

Paragraph 15 of the Membership Acquisition Agreement states as follows:

This Agreement is being delivered and is intended to be performed in the State of North Carolina and shall be construed and enforced in accordance with the laws of said State.

Price asserts that this provision indicates that only North Carolina law is to be considered in resolving any disputes arising with respect to the contract.[3] Heer argues that this paragraph does not control the law applicable to this action as it applies only to agreements intended to be performed in the state of North Carolina and it is apparent that the agreement at issue here was to be performed entirely in Kentucky.

A basic tenet of contract law is that the express terms of a valid contract govern a contract dispute. *See* RESTATEMENT (SECOND) OF CONTRACTS § 203(b) (1981) (giving "express terms" priority in contract interpretation). The Membership Acquisition Agreement, by its terms, shall be construed according to North Carolina law.

Heer challenges the application of this choice of law provision to this dispute, arguing that it should be resolved under the laws of the Commonwealth of Kentucky. "It is a well-accepted principle that a federal court in a diversity case must apply the conflict of law rules of the state in which it sits." *Banek, Inc. v. Yogurt Ventures U.S.A., Inc.*, 6 F.3d 357, 361 (6th Cir. 1993) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 490 (1941)). Therefore, this Court must look

---

[3] Price also argues that Paragraph 15 of the Membership Acquisition Agreement requires that any suit to enforce membership rights arising from the contract should be filed in North Carolina. However, Paragraph 15 according to its plain language is a choice of law provision rather than a forum selection clause. The provision relates only to what law is to govern a dispute between the parties, it is silent concerning where the parties may bring an action. *See Bominflot, Inc. v. M/V Henrich S*, 465 F.3d 144, 149 (4th Cir. 2006).

to Kentucky conflict of law principles to determine whether North Carolina or Kentucky law governs this dispute.

The Sixth Circuit has determined that under Kentucky law, section 187 of the RESTATEMENT (SECOND) OF CONFLICT OF LAWS (1971) governs contractual choice of law provisions. *Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 397 (6th Cir. 2000). Under section 187, a contractual choice of law provision will govern unless either:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

*Banek*, 6 F.3d at 361 (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187). Heer has failed to cite how the application of North Carolina law would be contrary to any fundamental policy of Kentucky. Nor has Heer shown that North Carolina has no substantial relationship to the parties or the transaction. As Royal Carolina is a North Carolina limited liability company in which Heer voluntarily bought an interest, there is a sufficiently reasonable basis for the parties' choice of North Carolina law. *See Wallace*, 223 F.3d at 398.

Therefore, this Court will apply North Carolina law to resolve any disputes arising from the Membership Acquisition Agreement.

## II.    NORTH CAROLINA LIMITED LIABILITY COMPANY ACT

Price asserts that the North Carolina Limited Liability Company Act as codified in Chapter 57C precludes subject matter jurisdiction against Price in an individual capacity as Heer has chosen not to sue Royal Carolina. Price interprets the statute as indicating that a member of a limited

5

liability company is not a proper party to a proceeding except where the object of the proceeding is to enforce a member's right against or liability to the limited liability company. Price also argues that subsection (c) of the same statute requires this suit to be filed in North Carolina. Price also characterizes the instant action to be in the form of a derivative action by a minority member of a limited liability company. Price argues that N.C. Gen Stat. § 57C-9-01 would indicate that such an action should be brought in the Superior Court of North Carolina.

Subsection (a) of N.C. Gen. Stat. § 57C-3-30 states as follows:

A person who is a member, manager, director, executive, or any combination thereof of a limited liability company is not liable for the obligations of a limited liability company solely by reason of being a member, manager, director, or executive and does not become so by participating, in whatever capacity, in the management or control of the business. A member, manager, director, or executive may, however, become personally liable by reason of that person's own acts or conduct.

Subsection (c) of the statute states as follows:

The liability of members, managers, directors, and executives of a limited liability company formed and existing under this Chapter shall at all times be determined solely and exclusively by this Chapter and the laws of this State.

Subsection (a) of the statue indicates that members, managers, directors, or executives of a limited liability company may be personally liable for their own actions or conduct. Subsection (c) of the statute, by its plain terms, addresses only the law that should be applied to determine the liability of members, managers, directors, or executives of a limited liability company, not the forum in which that liability should be determined. Therefore, neither subsection (a) or (c) of N.C. Gen. Stat. § 57C-3-30 precludes this Court from asserting jurisdiction over the instant action.

Subsection (a) of N.C. Gen. Stat. § 57C-8-01 states as follows:

A member may bring an action in the superior court of this State in the right of any domestic or foreign limited liability company to recover a judgment in its favor if the following conditions are met . . .

Heer argues that this lawsuit is not a derivative action and therefore this statute does not preclude this Court from asserting jurisdiction over the action. However, even if this action is characterized as a derivative suit, this statute does not operate to prevent this Court from asserting jurisdiction. The statute states that a "member may bring an action" in the Superior Court of North Carolina. "[T]he word 'may' clearly connotes discretion." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 128 S. Ct. 704, 709 (2005) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)). The North Carolina Legislature used the word "shall" often enough in N.C. Gen. Stat. § 57C-8-01 to dissuade this Court from the conclusion that it meant "shall" when it used "may" in subsection (a). *See id.*

Therefore, the North Carolina Limited Liability Company Act does not act to preclude this Court from asserting jurisdiction over this action.

### III.     28 U.S.C. § 1332

Title 28 U.S.C. § 1332 grands federal courts original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between parties who are citizens of different states. Diversity of citizenship is not at issue. However, Price argues that Heer has failed to meet the amount in controversy requirement. Price contends that Heer can only recover $27,500 for his claim of fraud under North Carolina law.

In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, the Supreme Court established a standard for determining whether the jurisdictional minimum had been met. 303 U.S. 283 (1938). Under this standard, the sum claimed by the plaintiff controls if the if the claim is apparently made in good faith. *Id.* at 288-89. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* An example of a case in which the damages claimed by a plaintiff fails to meet the legal certainty test is one in which by law or contract the allowable

damages are capped at an amount below the jurisdictional minimum. *See Pratt Cent. Park Ltd. P'ship v. Dames & Moore*, 60 F.3d 350, 353 (7th Cir. 1995).

Here, Heer has alleged fraud and breach of fiduciary duty. The basis of his claim is that Price allowed the Rowe oil and gas lease to expire and then formed a new lease covering the same oil well with the Froggetts via Tarcat. Heeer contends that this dissipated his investment of $27,500 and ruined any chance he had for a return on his money, which he believes could have been over $1 million. Although Price argues that Heer cannot recover more than $27,500 for his fraud claim under North Carolina law, he fails to cite any authority in support of this assertion. Heer has failed to show that this claim was made in bad faith or that it appears to a legal certainty that the claim is really for less than the jurisdictional amount.[4]

Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**IV.  VENUE**

Heer asserts that this Court is an appropriate venue for the instant action under 28 U.S.C. § 1391(a)(2). Price argues that venue in this Court is improper as the execution of the Membership Acquisition Agreement did not take place in this district nor did the contribution of funds for the acquisition of Heer's membership rights in Royal Carolina.

The investment at issue in this case concerned an oil and gas lease located in Metcalfe County, Kentucky. This was the sole asset of Royal Carolina. Heer claims that Price falsely and fraudulently represented to Heer that Royal Carolina would maintain this lease and that he obtained

---

[4] Price asserts that Heer has not acted in good faith in his claim for damages. In support thereof, Price states that Heer sent Price a demand letter before the filing of the lawsuit in which he requested an amount less than the minium jurisdictional requirements. Price, however, has failed to cite, and this Court has failed to find, any support for this proposition.

a membership in Royal Carolina in reliance on this representation.  Heer also asserts a claim of breach of fiduciary duty against Price, alleging that Price failed to protect the assets of Royal Carolina, namely the oil and gas lease.  These factors satisfies the venue burden as stated by the Sixth Circuit Court of Appeals in *Bramlet*.  *Bramlet*, 141 F.3d at 263-64..

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is DENIED.

An appropriate order shall issue.